### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| LIME CRUNCH INC.; and <br> NOW MARKETING SERVICES INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER JOHANSEN, <br><br> Defendant. | Civil Case No. <br><br><br> Judge <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs LIME CRUNCH INC., and NOW MARKETING SERVICES INC. (hereinafter, collectively, "Plaintiffs"), by and through their undersigned counsel, the LAW OFFICE OF RICHARD J. ZITO LLC, for their Complaint against CHRISTOPHER JOHANSEN (hereinafter "Defendant"), state and allege as follows:

## NATURE OF THE ACTION

1. This case arises out of Defendant's various and ongoing efforts to unlawfully use computer technology to enrich himself and to unlawfully disrupt the business operations of both Plaintiffs.

2. Specifically, Defendant, a disgruntled former contractor of Plaintiff Now Marketing Services Inc. transmitted emails that were in violation of the CAN-SPAM Act of 2003, 15 U.S.C. §7704, causing economic injury to Plaintiff Lime Crunch Inc. as a result thereof.

1

3. Subsequent to the termination of his relationship with Plaintiff Now Marketing Services, the onset of a volley of litigation between the parties[1], and the personal and professional rancor necessarily resulting therefrom, Defendant has also repeatedly attempted to obtain unauthorized access to the email and website servers owned and maintained by Plaintiffs in violation of the Computer Fraud and Abuse Act of 1986, 18 U.S.C. § 1030, *et seq*. This unlawful conduct has caused considerable disruption and economic injury to Plaintiffs in excess of $5,000.00.

## PARTIES

4. Plaintiff Lime Crunch Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 145 S. York, #216, Elmhurst, Illinois, 60126.

5. Plaintiff Now Marketing Services Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 145 S. York, #216, Elmhurst, Illinois, 60126.

6. Upon information and belief, Defendant Christopher Johansen is a person residing at 3805 Indian Head Lane, Joliet, Illinois 60435.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

---

[1] Plaintiffs note that previous litigation in this District involving these parties, which arose out of unrelated Lanham Act and trade secret misappropriation claims against both Defendant Johansen and his current employer, culminated earlier this year with the Court's entry of judgment in favor of Plaintiffs. See *Intercove Inc., et al. v. Anttix Inc., et al.*, 1:19-cv-01940. Also currently pending between Defendant Johansen and Now Marketing Services Inc. is an action brought by Mr. Johansen in the Circuit Court of Will County in which he alleges breach of oral contract and other state law claims in connection with his rocky tenure as a sales and account representative with Now Marketing.

8. This Court has personal jurisdiction over Defendant because he has either continuously resided in this judicial district and he has enjoyed continuous and systematic business contacts with the State of Illinois.

9. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391.

### COUNT I
### (Violations of CAN-SPAM Act of 2003, 15 U.S.C. § 7704)

10. Plaintiff Lime Crunch Inc. ("Lime Crunch") references the allegations of the preceding paragraphs of this Complaint and incorporates the same by reference as though fully set forth herein.

11. At all times relevant herein, Lime Crunch has been engaged in the business of providing, *inter alia*, internet hosting, email hosting, and related services to its clients, who are primarily small businesses. In the ordinary course of its business, Lime Crunch operates one or more computers that is used in or affect interstate commerce.

12. One suite of services provided by Lime Crunch involves the establishment, maintenance, and hosting of clients' respective email accounts and access thereto.

13. At all times relevant hereto, Lime Crunch had exclusive and dedicated access to the computer equipment deployed to facilitate the provision of these email services to its clients.

14. At all times relevant hereto, Lime Crunch undertook commercially reasonable countermeasures calculated to prevent the dissemination of spam messages to its clients, including, without limitation, the deployment and reconfiguration of spam filtering software.

15. At all times relevant hereto, Lime Crunch was a provider of internet access services.

16. On or around September 10, 2018, Defendant willfully and knowingly emailed a commercial solicitation to e-mail addresses using Lime Crunch's email servers. A true and correct copy of that solicitation ("September 2018 Spam") is attached hereto as <u>Exhibit 1</u>.

17. The September 2018 Spam contains a deceptive subject heading, in violation of 15 U.S.C. § 7704(a)(2).

18. The September 2018 Spam does not contain an opt-out mechanism, in violation of 15 U.S.C. § 7704(a)(3)(A).

19. The September 2018 Spam does not contain any identification of itself as a business solicitation, in violation of 15 U.S.C. § 7704(a)(5)(A)(i).

20. The September 2018 Spam does not contain a valid physical postal address of its sender, in violation of 15 U.S.C. § 7704(a)(5)(A)(iii).

21. On or around January 21, 2019, Defendant willfully and knowingly emailed a commercial solicitation to e-mail addresses using Lime Crunch's email servers. A true and correct copy of that solicitation ("January 2019 Spam") is attached hereto as <u>Exhibit 2</u>.

22. The January 2019 Spam does not contain an opt-out mechanism, in violation of 15 U.S.C. § 7704(a)(3)(A).

23. The January 2019 Spam does not contain any identification of itself as a business solicitation, in violation of 15 U.S.C. § 7704(a)(5)(A)(i).

24. The January 2019 Spam does not contain a valid physical postal address of its sender, in violation of 15 U.S.C. § 7704(a)(5)(A)(iii).

25. On or around March 4, 2019, Defendant willfully and knowingly emailed a commercial solicitation to e-mail addresses using Lime Crunch's email servers. A true and correct copy of that solicitation ("March 2019 Spam") is attached hereto as <u>Exhibit 3</u>.

26. The March 2019 Spam contains a deceptive subject heading, in violation of 15 U.S.C. § 7704(a)(2).

27. The March 2019 Spam does not contain an opt-out mechanism, in violation of 15 U.S.C. § 7704(a)(3)(A).

28. The March 2019 Spam does not contain any identification of itself as a business solicitation, in violation of 15 U.S.C. § 7704(a)(5)(A)(i).

29. Lime Crunch sustained injuries as a result of the spam messages described in this Count I.

30. Specifically, additional spam loads caused by the aforementioned spam messages and their ilk, have adversely affected Lime Crunch's server response time, led to higher bandwidth utilization, and forced the company to devote its limited human resources and labor to assess and mitigate the impact of these unlawful communications.

31. Defendant's actions described in this Count I constitute willful and knowing violations of the CAN-SPAM Act.

32. As a direct result of Defendant's practice of violating the CAN-SPAM Act, Lime Crunch has been adversely affected and is entitled to statutory damages, pursuant to 15 U.S.C. § 7706(g)(3)(A) for each unlawful email message that he knowingly caused to be transmitted through Lime Crunch's internet access service.

**WHEREFORE**, Plaintiff Lime Crunch Inc. respectfully prays for judgment in its favor and against Defendant as to Count I of the Complaint, further ordering:

A. Actual damages according to proof adduced at trial or, in the alternative, statutory damages, as provided under 15 U.S.C. § 7706(g)(1)(B);

B. Treble damages as provided under 15 U.S.C. § 7706(g)(3)(C)(1);

    C.      An order enjoining Defendant from further violating 15 U.S.C. § 7704;

    D.      Payment by Defendant of reasonable attorney's fees incurred by Plaintiff Lime Crunch in connection with the prosecution of this action, pursuant to 15 U.S.C. § 7706(g)(4); and

    E.      Any other relief that it may deem reasonable and proper.

## COUNT II
### (Violation of Computer Fraud and Abuse Act of 1986, 18 U.S.C. § 1030—Unauthorized Email Server Access)

33.    Plaintiff Now Marketing Services Inc. ("Now Marketing") references the allegations of the preceding paragraphs of this Complaint and incorporates the same by reference as though fully set forth herein.

34.    At all times relevant herein, Now Marketing has been engaged in the business of providing, *inter alia*, internet hosting, email hosting, and related services to its clients, who are primarily small businesses. In the ordinary course of its business, Now Marketing operates one or more computers that are used in or affect interstate commerce.

35.    Beginning in late 2018 and continuing through and including September 2020, Defendant knowingly attempted to access the Now Marketing's email server, nowms.com, using the login "cjohansen" previously issued to him in connection with his prior work for the company.

36.    Upon information and belief, these attempts originated from IP addresses associated with Defendant's personal computer, mobile device, and workplace.

37.    Plaintiff Now Marketing, through counsel, has advised Defendant on two separate occasions to cease and desist all such login attempts, to no avail.

38. These unauthorized login attempts, numbering more than 20,000 as of the date of this Complaint, place an undue strain on Now Marketing's server and comprise a continuing cybersecurity risk borne by Plaintiff.

39. As a consequence of these unauthorized login attempts by Defendant, Plaintiff Now Marketing has sustained damages to be determined at trial but in excess of $5,000, relating to the costs of implementing additional firewalls and other security measures.

**WHEREFORE**, Plaintiff Now Marketing Services Inc. respectfully prays for judgment in its favor and against Defendant as to Count II of the Complaint, further ordering:

A. Compensatory damages not less than $5,000, according to proof adduced at trial, as provided under 18 U.S.C. § 1030(g);

B. An order enjoining Defendant from further violating 18 U.S.C. § 1030; and

C. Any other relief that it may deem reasonable and proper.

## COUNT III
### (Violation of Computer Fraud and Abuse Act of 1986, 18 U.S.C. § 1030--Unauthorized Web Server Access)

40. Plaintiffs reference the allegations of the preceding paragraphs of this Complaint and incorporate the same by reference as though fully set forth herein.

41. On or around September 27, 2019, there were numerous attempts to obtain unauthorized access to private web servers operated and maintained by Plaintiffs.

42. Some of these September 2019 unauthorized access attempts were directed at nowms.net, which is owned and maintained by Plaintiff Now Marketing.

43. Some of these hacking attempts consisted of the perpetrator's entry of what he ostensibly believed to be a valid username, "mhanni" and one or more incorrect passwords.

7

44. These hacking attempts originated from IP address 99.181.166.57, which was subsequently identified as originating from a location to which Defendant had regular computer access in connection with his employment with a third party.

45. During January 2020, there were additional attempts to obtain unauthorized access to private web servers operated and maintained by Plaintiffs.

46. Many of these hacking attempts in January 2020 were directed at the respective "cPanel" control panel of nowms.com and limecrunch.com respectively, which provide the administrator of Plaintiffs' servers with broad server and website management functionality therefor.

47. Some of these hacking attempts consisted of the perpetrator's entry of what he ostensibly believed to be a valid username, "mhanni" and one or more incorrect passwords.

48. These hacking attempts originated from IP address 107.139.233.195, which was subsequently identified as originating from a location to which Defendant had regular computer access in connection with his employment with a third party.

49. Each of the unauthorized access attempts described in this Count III were performed intentionally, knowingly, and willfully and with the malicious intention of obtaining unauthorized access to Plaintiffs' servers and to cause damage thereto.

50. Brute force attacks upon web servers such as those described in this Count III constitute unlawful conduct prohibited by the Computer Fraud and Abuse Act of 1986, codified at 18 U.S.C. § 1030, *et seq*.

51. As a consequence of these unauthorized access attempts by Defendant, Plaintiff Now Marketing has sustained damages to be determined at trial but in excess of $5,000, relating to the costs of implementing additional firewalls and other security measures, as well as the

diversion of Plaintiffs' time and limited resources to investigate and analyze the access logs generated in connection with Defendants' unlawful conduct.

**WHEREFORE**, Plaintiffs respectfully pray for judgment in their favor and against Defendant as to Count III of the Complaint, further ordering:

A.  Compensatory damages not less than $5,000, according to proof adduced at trial, as provided under 18 U.S.C. § 1030(g);

B.  An order enjoining Defendant from further violating 18 U.S.C. § 1030; and

C.  Any other relief that it may deem reasonable and proper.

## JURY DEMAND

52.  Plaintiffs hereby demand a trial by jury of all issues so triable.

Respectfully submitted,

LIME CRUNCH INC. &
NOW MARKETING SERVICES INC.

Dated: September 25, 2020        By:    /s/ *Richard J. Zito, Esq.*
                                        Attorney for Plaintiffs

Richard J. Zito, Esq. (ARDC No. 6291139)
LAW OFFICE OF RICHARD J. ZITO LLC
200 East Randolph Drive, Suite 5100
Chicago, Illinois 60601
(312) 883-5298
rich@zitolawchicago.com